**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 24-4071**

―――――――――

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JAMES BENJAMIN ALLEN,

    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:22-cr-00150-LCB-1)

―――――――――

Submitted:  April 17, 2026        Decided:  May 22, 2026

―――――――――

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Brian Michael Aus, BRIAN AUS, PC, Timberlake, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Benjamin Allen appeals his conviction and sentence. A jury convicted him of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

The district court adopted the finding of the probation officer that Allen had three previous convictions of a violent felony or a serious drug offense or both, committed on occasions different from one another; and it overruled Allen's objection that he was entitled to have a jury resolve the occasions inquiry beyond a reasonable doubt. After he appealed, the Supreme Court decided that a defendant is "entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt." *Erlinger v. United States*, 602 U.S. 821, 835 (2024). On appeal, Allen contends that his Fifth and Sixth Amendment rights were violated when the district court, rather than the jury, found him to be an armed career criminal by a preponderance of the evidence. In response, the Government contends that the *Erlinger* error in this case was harmless. We affirm.

Harmless-error review applies to *Erlinger* errors. *United States v. Brown*, 136 F.4th 87, 94-96 (4th Cir. 2025). Because Allen was convicted after a jury trial, the Government must show that proof of the missing fact or element was overwhelming and uncontroverted "so as to be able to determine conclusively that a jury would have found the fact or element beyond a reasonable doubt." *Id*. at 96; *United States v. Legins*, 34 F.4th 304, 322 (4th Cir.

2

2022). Having reviewed the record and briefs on appeal, we conclude that the Government has made this showing. In the district court, the Government alleged Allen's three ACCA predicates in the indictment; and it provided evidence derived from *Shepard v. United States*, 544 U.S. 13 (2005), documents to support the ACCA enhancement. But, the jury was not asked to resolve the occasions inquiry as required by *Erlinger*.

In *Wooden v. United States*, 595 U.S. 360 (2022), "the Supreme Court held that the word 'occasion' in ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *Brown*, 136 F.4th at 99 (quoting *Wooden*, 595 U.S. at 366). The Supreme Court "expressly recognized that the timing factor 'can decisively differentiate occasions,' and it noted with approval that offenses 'have nearly always' been treated 'as occurring on separate occasions if a person committed them *a day or more apart*.'" *Id*. (quoting *Wooden*, 595 U.S. at 370). Accordingly, in *Brown*, we rejected the defendant's argument that two robberies, committed two months apart, were committed on the same occasion because they shared a common scheme or purpose. *Id*. at 98-99.

Allen does not dispute that he had a prior conviction for robbery with a dangerous weapon, a violent felony, which was committed on July 20, 1996, and two convictions for distribution of cocaine base, serious drug offenses, which were committed two weeks apart, on January 22, 2015, and February 5, 2015. Because, as in *Brown*, "there is no question as to how a properly instructed jury would have resolved the 'different occasions' inquiry in this case," *id*. at 99, we conclude that the district court's *Erlinger* error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*